**FILED**
**Apr 23, 2025**
**09:44 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | | |
|---|---|---|
| **MARTHA MCCOOL,** | ) | **Docket No.: 2022-08-0687** |
| **Employee,** | ) | |
| **v.** | ) | |
| **PROFESSIONAL CARE SERVICES,** | ) | **State File No.: 99553-2019** |
| **Employer,** | ) | |
| **And** | ) | |
| **BRIDGEFIELD CAS. INS. CO.,** | ) | **Judge Shaterra R. Marion** |
| **Insurer.** | ) | |

_____

## COMPENSATION ORDER GRANTING MEDICAL BENEFITS

_____

At the April 17, 2024, Compensation Hearing, Ms. McCool asked that Professional Care Services authorize a second opinion for a surgery recommended by the authorized treating physician. Professional Care argued that Ms. McCool is not entitled to a second opinion because the authorized treating physician did not refer her for a second opinion. For the reasons below, the Court grants Ms. McCool's request.

### History of Claim

On October 7, 2019. Ms. McCool suffered multiple stab wounds to her torso, abdomen, upper extremities, head and face. In August 2023 she accepted a settlement that gave her the right to reasonable and necessary future care. Her first authorized treating physician referred her to plastic surgery, and she received a panel from which she selected Dr. Dan Shell.

On April 14, 2024, Dr. Shell ordered surgical reconstruction of the abdominal wall with excision of scars and tissue transfer to restore symmetry. On May 9, Professional Care authorized the surgery.

Ms. McCool then requested a second opinion on the surgery with one of the remaining panel physicians. Ms. McCool testified that Dr. Snell encouraged her to get a second opinion. Professional Care denied the request.

## Findings of Fact and Conclusions of Law

The only issue is whether Professional Care must give Ms. McCool a second opinion. Ms. McCool must prove her entitlement by a preponderance of the evidence. Tenn. Code Ann. § 50-6-239(c)(6) (2024). The Court holds that she carried this burden.

"When the treating physician or chiropractor refers the injured employee, the employee shall be entitled to have a second opinion on the issue of surgery and diagnosis from a physician or chiropractor from a panel of two (2) physicians practicing in the same specialty as the physician who recommended the surgery." *Id.* at - 204(a)(3)(C).

Professional Care contended that the first clause of the statute requires the authorized treating physician to refer Ms. McCool in writing for a second opinion. However, this position is inconsistent with statutory interpretation and the case law.

The role in construing a statute is to ascertain and give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope. *Petty v. Convention Production Rigging*, 2016 TN Wrk. Comp. App. Bd. LEXIS 95, at *20 (Dec. 29, 2016). "To do so, we focus initially on the statute's words, giving these words their natural and ordinary meaning in light of their statutory context." *Id.* "We must avoid any forced or subtle construction that would limit or extend the meaning of the language." *Id.*

The Appeals Board held that the statute requires an opinion of a specialist recommending surgery before an injured worker is entitled to a second opinion on the issue of surgery and diagnosis under 50-6-204(a)(3)(C). *Id.* at * 21. Further, when the treating physician refers the employee to a specialist for surgery the employee shall be entitled to a second opinion. *Bassham v. Lowes Home, Centers*, 2023 TN Wrk Comp App Bd LEXIS 19, at *4-5 (May 1, 2023).

Thus, when giving "refer" its ordinary meaning and not expanding the statute's coverage, the Court holds that "refers" means when an authorized treating physician refers the employee to a specialist. The Appeals Board interpretation in *Petty* also supports this conclusion.

For an employee to be entitled to a second opinion, the authorized treating physician must refer the employee to the specialist, and the specialist must recommend surgery. Both factors have been satisfied in this case. Therefore, Ms. McCool is entitled to a second opinion.

*Attorney's Fees*

The Court may award "reasonable attorney's fees and reasonable costs" when the employer unreasonably fails to timely initiate any of the benefits in Tennessee Code Annotated section 50-6-204, including medical benefits, if the workers' compensation judge makes a finding that the benefits were owed at a compensation hearing. Tenn. Code Ann. § 50-6-226(d)(1)(B).

A trial court need only find that the denial was "erroneous, incorrect, or otherwise inconsistent with the law or facts" to award fees under section 50-6-226(d)(1), and the "good faith" or "bad faith" of the employer is not relevant to the determination.

To be eligible for an award of reasonable attorney's fees and expenses under section 226(d)(1), an employee must show either that the employer failed to furnish appropriate medical treatment as provided for in a court order, or that the employer was erroneous or incorrect in denying the employee's claim for benefits. *Walls v. United Tech's Corp.,* 2021 TN Wrk. Comp. App. Bd. LEXIS 27, at *19 (Aug. 6, 2021).

Here, Professional Care argued that it did not deny Ms. McCool medical benefits because it approved the surgery. However, a second opinion is a medical benefit under § 50-6-204. She requested the second opinion, and Professional Care incorrectly denied that request. Therefore, Ms. McCool is entitled to attorney's fees, and the Court directs Ms. McCool's counsel to file a motion for fees as described below.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. McCool's request for a second opinion is granted. Ms. McCool shall select from one of the physicians remaining on the panel. If that physician is unavailable, Professional Care shall replace that physician.

2. The Court grants Ms. McCool's request for attorney's fees under Tennessee Code Annotated section 50-6-226(d)(1)(B) because of the Professional Care's failure to provide the second opinion. Ms. McCool's counsel shall file a motion for fees and expenses incurred in obtaining the second opinion, itemized by task, date of performance, time spent, and the requested hourly rate within ten days of the date of this order. Professional Care shall have five days to respond.

3. Unless appealed, this order shall become final in 30 days.

**ENTERED April 23, 2025.**

_____
**Judge Shaterra R. Marion**
**Court of Workers' Compensation Claims**


**APPENDIX**

Exhibits:
1. Joint Stipulations
2. Panel of Physicians
3. Emails between Ms. McCool, Summit Holdings, and Dr. Shell's Office
4. [For Identification Only] Email dated August 16, 2024, from Brandy Isbell to Ann Hoffman and Ms. McCool
5. Workers' Compensation Settlement Agreement
6. Dr. Shell Medical Records


**CERTIFICATE OF SERVICE**

I certify that a copy of this Order was sent as indicated on April 23, 2025.

| Name | Email | Service sent to: |
|---|---|---|
| Jonathan May, Employee's Attorney | X | jmay@forthepeople.com |
| Brayden Hunter, Employer's Attorney | X | brhunter@mijs.com |

_____
**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
    ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
    ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.

    When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

    **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee
Appellee's Address: _____ Phone: _____
Email: _____
Attorney's Name: _____ BPR#: _____
Attorney's Email: _____ Phone: _____
Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*